BROWN, Chief Judge,
dissenting.
hi respectfully dissent.
La.C.Cr.P. Art. 881.1(A)(3) provides:
In the event a defendant alleges mutual mistake in that the sentence imposed upon conviction pursuant to Code of Criminal Procedure Article 893 was in error and the prosecuting authority, the court, and the defendant intended that the imposition of sentence was to be deferred pursuant to Code of Criminal Procedure Article 893(E), such defendant may file a motion to reconsider the sentence for the sole purpose of considering that issue. Such motion shall be filed within two years of the date of successful completion of the probation imposed by the court. If the court finds that a mutual mistake exists and that the defendant was in all other respects eligible for the benefits of Code of Criminal Procedure Article 893(E), the defendant shall be entitled to the benefits thereof, in accordance with law.[5]
Although his pleading was titled as a “Motion to Amend Judgment,” defendant timely filed a motion for La.C.Cr.P. Art. 893(E) status. The prosecuting authority filed a certification that “[T]he State does not oppose this Honorable Court signing an order setting aside the conviction and dismissing the prosecution, in view of the fact that the plea was taken pursuant to the provisions of Article 893 of the Louisiana Code of Criminal | ¡.Procedure ...” What could be more clear than the sworn statement by the assistant district attorney, that the State did not oppose an order to set aside the conviction and dismiss the prosecution, in view of the fact that the plea was taken pursuant to Art. 893.
The majority opinion is based upon a restricted and narrow reading of the 2009 *838 judgement, concluding that the judgment suspended the original sentence rather that deferring its execution. Specifically, the majority surmised that “there was no sentence left to suspend.” However, La. C.Cr.P. Art. 881.1(A)(3) allows the motion to be filed within two years of the completion of probation. The court does not have to revisit the sentence and expressly defer or suspend it. The 2009 judgment specifically expunged “said conviction” from all records. The language of the motion, the statement of the assistant district attorney, and the wording of the trial court’s judgment are clear with no ambiguity. The court in 2009 obviously found the AJDA’s statement to be credible, and its judgment can only be interpreted as setting aside defendant’s conviction and dismissing the prosecution.
As did the majority, I question the procedural correctness of the 2009 judgment, but it is a final judgment and no one has moved to set it aside for procedural irregularities or any other reasons. We also have not reached the question of whether a dismissal of prosecution under La.C.Cr.P. art. 893(E) removes the Constitutional disqualification for elective office.

. A similar provision for a felony conviction allowing a late motion to reconsider sentence with no mutual mistake requirement following participation in the intensive incarceration program is found in La.C.Cr.P. Art. 881.1(A)(4):
In cases when a defendant has successfully completed probation pursuant to the provisions of Code of Criminal Procedure Article 895(B)(3), the defendant may file a motion to reconsider the sentence for the purpose of determining whether the sentence should be set aside and the prosecution dismissed pursuant to the provisions of Code of Criminal Procedure Article 893. Such motion shall be filed within two years of the date of successful completion of the probation imposed by the court. If the court finds that the defendant is eligible for the benefits of Code of Criminal Procedure Article 893(E), then the court with the concurrence of the district attorney may set aside the conviction and dismiss prosecution in accordance with law.